UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:<br>    Amel Odom<br><br>    Debtor. | :<br>:<br>:<br>:<br>:<br>: | Chapter 13<br><br><br>Bky. No. 15-19111-ELF |
| Amel Odom<br>    Plaintiff<br><br>v.<br><br>Philadelphia Parking Authority<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Adversary No. 16- |

**COMPLAINT SEEKING CONTEMPT REMEDIES FOR**
**VIOLATION OF THE AUTOMATIC STAY**

1. On December 22, 2015, the Plaintiff/Debtor commenced a voluntary case under chapter 13 of the Bankruptcy Code, by filing a petition which has been assigned No. 15-19111 in this Court.

2. This Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, because it arises in that case and is related to it. This proceeding is a core proceeding.

3. The Defendant was named in the debtor's January 5, 2016 bankruptcy schedule E/F, Page 14, Section 4.7; and on Page 22, Section 4.30 of the chapter 13 bankruptcy petition as a creditor without security or priority attached hereto as Exhibit A.

4. The Defendant was provided notice via first class mail by the Bankruptcy Noticing Center on January 24, 2016. A true and correct copy of the certificate of service filed by Joseph Speetjens of BAE Systems Bankruptcy Noticing Center is attached hereto as Exhibit B.

5. The Defendant was provided notice via first class mail by Debtor's Counsel on April 13, 2016. A true and correct copy of the certificate of service filed by Stephen M. Dunne, Esq. is attached hereto as Exhibit C.

6. Despite adequate notice of the debtor's chapter 13 bankruptcy filing, the Defendant booted the Debtor's vehicle in violation of the automatic stay on Friday, June 10, 2016 and shortly thereafter impounded the Debtor's vehicle.

7. The Debtor provided notice of his bankruptcy filing to a representative of the Philadelphia Parking Authority on Saturday, June 11, 2016 at 9.30 AM and demanded that his vehicle be released. The Philadelphia Parking Authority informed the Debtor that they would not release his impounded vehicle in direct violation of the automatic stay.

8. The Debtor made a second attempt to provide notice of his bankruptcy filing to a representative of the Philadelphia Parking Authority on Monday, June 13, 2016 at 10.30 AM and demanded that his vehicle be released. The Philadelphia Parking Authority continued to inform the Debtor that they would not release his impounded vehicle in direct violation of the automatic stay.

9. On or around <u>Monday, June 13, 2016 at 2.00 PM</u>, the undersigned counsel for the Debtor telephoned the Defendant and informed its agent that the Debtor was represented by counsel, that the Debtor filed a chapter 13 bankruptcy on December 22, 2015 and instructed the Defendant to release the Debtor's vehicle immediately. The Philadelphia Parking Authority informed Debtor's Counsel that they would not release his impounded vehicle in direct violation of the automatic stay.

10. The Debtor make a third attempt to provide notice of his bankruptcy filing to a representative of the Philadelphia Parking Authority on <u>Tuesday, June 14, 2016 at 11.00 AM</u> and demanded that his vehicle be released. The Philadelphia Parking Authority continued to inform the Debtor that they would not release his impounded vehicle in direct violation of the automatic stay.

11. The Debtor visited the Philadelphia Traffic Court on <u>Tuesday, June 14, 2016 at 2.00 PM</u> and provided a copy of the Notice of Bankruptcy filing. The Philadelphia Traffic Court informed the Debtor that he must pay $575.00 to recover said vehicle in an Order dated April 14, 2016 in direct violation of the automatic stay attached hereto as Exhibit D.

12. An order for relief was entered in this case on December 22, 2015, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection against the Debtor.

13. At no time did any agent or employee of the Defendant communicate or attempt to communicate with the Debtor's undersigned counsel, although the Defendant knew or had reason to know that the Debtor was represented by him as an attorney with respect to his debt, and the Defendant knew or could readily ascertain the address of the attorney as the Defendant had ample notice of the debtor's bankruptcy filing.

14. The Defendant's conduct has caused Plaintiff to experience worries and concerns that are separate from the anxiety he felt about the bankruptcy. The Plaintiff's reactions and emotions are not fleeting or inconsequential. He suffered significant emotional harm as a result of Defendant's conduct in willfully violating the automatic stay on multiple occasions. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. He suffered actual damages in the forms of out-of-pocket expenses; lost time; transportation expenses; attorney's fees, and emotional distress.

### Count I – Stay Violation

15. The foregoing paragraphs are incorporated herein by reference.

16. Defendant's conduct violated 11 U.S.C. § 362(a).

WHEREFORE, Plaintiff requests an Order declaring the Defendant guilty of civil contempt by violating the automatic stay and awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) and for contempt of court.

### Count II – Attorney's Fees

17. The foregoing paragraphs are incorporated herein by reference.

18. Plaintiff is entitled to attorney's fees pursuant to 11 U.S.C. § 362(k).

WHEREFORE, Plaintiff requests an award of reasonable attorney's fees pursuant to 11 U.S.C. § 362(k).

Respectfully submitted:

Date: June 16, 2016

BY: /s/ Stephen M. Dunne
Stephen M. Dunne, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109