UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amel Odom<br>8000 Highschool Road, Apt. 10-C<br>Elkins Park, PA 19027<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>Philadelphia Parking Authority<br>701 Market Street, Suite 5400<br>Philadelphia, PA 19106<br><br>　　And<br><br>Clarena Tolson, individually and in<br>her official capacity as Executive Director to<br>Philadelphia Parking Authority<br>701 Market Street, Suite 5400<br>Philadelphia, PA 19106<br><br>　　And<br><br>City of Philadelphia<br>c/o City Solicitor Armando Brigandi<br>City of Philadelphia Law Department<br>1515 Market Street, 14th Floor<br>Philadelphia, PA 19102<br><br>　　　　　　　　　　Defendants. | Civil Action No. _____<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**I.    Jurisdiction and Venue**

1.    Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district because the Plaintiff resides here and the Defendants maintain a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

## II. Parties

3. Plaintiff, Amel Odom, is an adult individual residing at the above-captioned address.

4. Defendant, Philadelphia Parking Authority, is a local governmental authority maintaining an office at the above captioned address.

5. Defendant, Clarena Tolson, is the Executive Director of the Philadelphia Parking Authority, maintaining an office at the above captioned address.

6. Defendant, City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, maintaining an office at the above captioned address.

## III. Operative Facts

7. On December 22, 2015, the Plaintiff commenced a voluntary case under chapter 13 of the Bankruptcy Code, by filing an emergency petition which has been assigned No. 15-19111-elf by the United States Bankruptcy Court for the Eastern District of Pennsylvania.

8. Notice of the bankruptcy case was mailed by the Bankruptcy Noticing Center on January 24, 2016.

9. On January 5, 2016, the Plaintiff filed the remaining documents due to be filed as required by Fed. R. Bankr. P. 1007, including Schedule E/F: Creditors Who Have Unsecured Claims and named the Defendants in Schedule E/F, Page 14/46, Section 4.7; and Schedule E/F, Page 22/46, Section 4.30.

10. The Section 341 Meeting of Creditors was originally scheduled on March 2, 2016; and then continued at the request of Debtor's Counsel to May 9, 2016.

11. Notice was mailed by Debtor's Counsel to all Creditors via first class mail on April 13, 2016 and the Service List was recorded on the Bankruptcy Court's Docket as Doc 27-1.

12. On June 10, 2016, Defendant, Philadelphia Parking Authority booted; towed; and impounded Plaintiff's motor vehicle in willful violation of Section 362 of Title 11 of the United States Code.

13. Under 11 U.S.C. § 1306, the Debtor is entitled to possession of all property of the estate.

14. On June 10, 2016, Plaintiff immediately demanded that his automobile be returned and Defendant, Philadelphia Parking Authority refused to turn over the property as required by 11 U.S.C. § 542.

15. Upon information and belief, Defendants have a long history of ignoring debtors' demands to return their vehicles in pending bankruptcy cases and refusing to comply with Section 362 of Title 11 of the United States Code.

16. Chief Bankruptcy Justice, Diane Weiss Sigmund admonished the Philadelphia Parking Authority for this exact same behavior in *In re Jester*, 344 B.R. 331 (2006), pointing out that the Debtor's oral representation that she was in bankruptcy is sufficient, and "put PPA on notice that its acted at its own peril in violating the stay."[sic]. Judge Sigmund observed in Footnote # 9:

> "The notion that Debtor was required to produce a petition with the court's seal before PPA would be obligated to cease its actions is misguided. The Debtor's mere advice to PPA is constructive notice of the bankruptcy without the requirement of any proof, *Patterson v. Chrysler Financial Co.(In re Patterson)*, 263 B.R. 82, 91 (Bankr.E.D.Pa. 2001), not that verification is at all difficult for the creditor since the court's entire docket is available through the PACER system at www.paeb.uscourts.gov." *In re Jester*, 344 B.R. 331 (2006).

3

17. Upon information and belief, Defendants have not complied with the Automatic Stay in this matter nor Judge Sigmund's admonition spelled out in *In re Jester* and continue to conduct business without regard to restrictions imposed by the bankruptcy laws.

18. Upon information and belief, staff attorneys at Community Legal Services in Philadelphia, PA have been rebuffed in the past twelve months when they attempted to orally communicate the filing of a bankruptcy with representatives at the Philadelphia Parking Authority.

19. Upon information and belief, attorneys in private practice in Philadelphia, PA have been rebuffed in the past twelve months when they attempted to orally communicate the filing of a bankruptcy with representatives at the Philadelphia Parking Authority.

20. On June 11, 2016, Plaintiff visited the Philadelphia Parking Authority's Parking Violations Branch, located at 913 Filbert Street, Philadelphia, PA 19107. Plaintiff demanded release of his vehicle and presented the PPA representative with a copy of the Notice of Bankruptcy Filing.

21. Defendant refused to release his impounded vehicle on June 11, 2016 despite Notice of the Bankruptcy Filing.

22. On June 13, 2016, Plaintiff visited the Parking Violations Branch and demanded release of his vehicle and provided the PPA representative with a copy of the Notice of Bankruptcy Filing.

23. Defendant refused to release his impounded vehicle on June 13, 2016 despite Notice of the Bankruptcy Filing.

24. Debtor's counsel telephoned the Defendant, Philadelphia Parking Authority on <u>Monday, June 13, 2016 at 2.00 PM</u> and informed the Defendant that the Debtor was represented by counsel; that the Debtor filed a chapter 13 bankruptcy and advised the Defendant to release the Debtor's vehicle immediately.

25. Defendant refused to release the Debtor's impounded vehicle on June 13, 2016 despite multiple requests by the Debtor and Debtor's Counsel.

26. On June 14, 2016, Plaintiff visited the Parking Violations Branch and demanded release of his vehicle and provided the PPA representative with a copy of the Notice of Bankruptcy Filing.

27. Defendant refused to release his impounded vehicle on June 14, 2016 despite Notice of the Bankruptcy Filing.

28. On June 15, 2016, Plaintiff visited the Parking Violations Branch and demanded release of his vehicle and provided the PPA representative with a copy of the Notice of Bankruptcy Filing.

29. Defendant refused to release his impounded vehicle on June 15, 2016 despite Notice of the Bankruptcy Filing.

30. On June 16, 2016, Plaintiff visited the Parking Violations Branch and demanded release of his vehicle and provided the PPA representative with a copy of the Notice of Bankruptcy Filing.

31. Defendant refused to release his impounded vehicle on June 16, 2016 despite Notice of the Bankruptcy Filing.

32. On June 16, 2016, Debtor's Counsel filed a Motion seeking Turnover of Property pursuant 11 U.S.C. § 542 and communicated the filing of said Motion with the Defendant.

33. Defendant released the Plaintiff's vehicle only after receiving notice that Debtor's Counsel filed a Motion seeking Turnover of Property pursuant 11 U.S.C. § 542.

34. Plaintiff endured a long and costly delay due to the Defendant's serious defects and flaws in their bankruptcy system as evidenced by their total failure to implement adequate procedures for the due and lawful receipt and processing of bankruptcy notices and for taking the necessary steps to terminate the collection process after the timely receipt of such notices.

35. Defendant's unlawful tactics, which appears to be manifest in the local bankruptcy community caused irreparable harm to the Plaintiff in the form of emotional distress for which he sought treatment and medication, including: anxiety, difficulty sleeping, depression, and mental anguish. The Defendant's actions also affected the Plaintiff's interpersonal relations with his wife and family members causing unnecessary marital conflict; and loss of consortium.

36. Defendant failed to implement adequate procedures for the timely and proper review of communications from attorneys representing debtors in pending bankruptcy cases. Upon information and belief, Defendant's aforesaid failure was at the time of the events complained of, a product of a policy and procedure to conduct the PPA's business without regard to restrictions imposed by the bankruptcy laws.

37. Defendant's supervising employees, named and unnamed, were negligent in hiring, training and supervising employees of the Philadelphia Parking Authority and the City of Philadelphia, and such negligence was the proximate and legal cause of injuries and damages suffered by Plaintiff.

38. Defendants knew or reasonable should have known that defendants, individually and together in varying combinations, were engaged in the incidents, conduct, acts and failures to act as described herein above.

39. Defendants should have known that the acts, conduct and failures to act as described herein, were constitutionally prohibited and violative, and the continuation of all would deprive individuals of constitutionally guaranteed rights.

40. Defendants and each of them knew, or, in the exercise of reasonable care, should have known that unless defendants intervened to protect plaintiff and their failure to protect, supervise and intervene would have the effect of authorizing, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act.

41. Defendants and each of them had the power, ability, authority and duty to intervene, supervise, prohibit, control, regulate, discipline and/or penalize the conduct of the other defendants.

42. Despite said knowledge, power and duty, the defendants and each of them, negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize such conduct, acts, and failures to act or to otherwise protect plaintiff.

43. As a direct and proximate result of the failure of defendants and each of them to protect plaintiff and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts and failures to act of other defendants as set forth herein, such conduct, acts and failures to act were perceived by wrongfully acting defendants as, and, in fact, had the effect of authorizing, ratifying, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act.

7

44. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to intimidate and harass Plaintiff in violation of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

45. Plaintiff, Amel Odom suffered significant ongoing emotional distress for which he sought treatment and medication, including: anxiety, difficulty sleeping, depression, and mental anguish.

### IV.  Causes of Action

#### COUNT I
#### *Monell*

46. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

47. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights. Specifically, Defendants knowingly and deliberately trained employees to ignore federal bankruptcy notices. Further, Defendants continued to solicit payment of pre-petition debts despite knowledge of the automatic stay with deliberate indifference to and callous disregard for the Plaintiff's rights.

48. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

49. Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
### Declaratory Judgment

50. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

51. Plaintiff brings this cause of action against Defendants seeking a declaration that, as a matter of law, Defendants are improperly ignoring federal bankruptcy notices.

## COUNT III
### Violation of Automatic Stay

52. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

53. Defendants booted; towed; and impounded Plaintiff's motor vehicle in willful violation of Section 362 of Title 11 of the United States Code.

54. Defendants continued to solicit payment of a pre-petition debt over the course of six (6) days despite actual and constructive Notice of the Bankruptcy Filing.

55. Defendants' willful, reckless and malicious actions were made in an attempt to coerce Plaintiff into paying a pre-petition debt.

## COUNT IV
### Taking

56. Plaintiffs incorporates by reference all prior paragraphs as if fully set forth at length herein.

57. Defendants refusal to return Plaintiff's impounded vehicle did not advance any legitimate government interest.

58. The demand for payment of a pre-petition debt was arbitrary, capricious and unreasonable, and an invalid exercise of authority.

59. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amends. V and XIV.

### COUNT V
### 42 U.S.C. § 1983, et seq., through U.S. Constitutional Amendments IV and XIV
### (Substantive and Procedural Due Process)

60. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

61. Defendants unilaterally rejected Plaintiff's requests to return his property without affording Plaintiff an opportunity to challenge the decision – Plaintiff had no pre-deprivation or post-deprivation hearing.

62. Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional rights.

63. To perpetuate its misconduct, Defendants clothed themselves with color of state authority through the use of City of Philadelphia.

64. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV, and state law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, plus punitive damages and attorney's fees and costs, and injunctive relief.

Respectfully submitted:

/s/MATTHEW B. WEISBERG
MATTHEW B. WEISBERG
Attorney ID# 85570
Attorney for Plaintiff
WEISBERG LAW
7 S. Morton Avenue
Morton, PA 19070
Phone: (610) 690-0801
Fax: (610) 690-0880
Email: mweisberg@weisberglawoffices.com

/s/ STEPHEN M. DUNNE
STEPHEN M. DUNNE
Attorney ID# 20883
Attorney for Plaintiff
DUNNE LAW OFFICES, P.C
1515 Market Street, Suite. 120
Philadelphia, PA 191
Phone: (215) 551-7109
Fax: (215) 525-9721
Email: stephen@dunnelawoffices.com

Date: 11/30/2016