### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| **Amel Odom** | : | |
| Debtor. | : | Bankruptcy No. 15-19111-(ELF) |

| | : | |
|---|---|---|
| **Amel Odom** | : | |
| Plaintiff, | : | |
| | : | |
| | : | Adversary Proceeding No. 16-00195-(ELF) |
| | : | |
| v. | : | Miscellaneous Matter No. 16-MC-213 |
| | : | |
| **Philadelphia Parking Authority** | : | |
| Defendant. | : | |

### MOTION FOR IMPOSITION OF STAY PENDING DETERMINATION BY THE DISTRICT COURT OF PLAINTIFF'S MOTION FOR WITHDRAWAL OF THE REFERENCE

To the Hon. Eric L. Frank, Bankruptcy Judge:

Plaintiff, Amel Odom, seeks a stay of all proceedings pending determination by the District Court of Odom's Motion for Withdrawal of the Reference.

1. On November 30, 2016, Plaintiff filed a Motion for Withdrawal of the Reference with the District Court (Misc. Matter No. 16-MC-213) based upon alleged civil rights violations of 42 U.S.C.§ 1983 which will require substantial and material consideration of non-bankruptcy law.

2. Defendant's serious defects and flaws in their bankruptcy system as evidenced by their total failure to implement adequate procedures for the due and lawful receipt and processing of bankruptcy notices and for taking the necessary steps to terminate the collection process after the timely receipt of such notices caused violations of Plaintiff's constitutional rights.

3. Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to intimidate and harass Plaintiff in violation of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

4. Upon information and belief, Defendants have a long history of engaging in the exact same behavior which was admonished by Chief Bankruptcy Justice, Diane Weiss Sigmund in *In re Jester*, 344 B.R. 331 (2006).

5. Upon information and belief, staff attorneys at Community Legal Services along with attorneys in private practice in Philadelphia, PA have been rebuffed in the past twelve months when they attempted to orally communicate the filing of a bankruptcy case with representatives at the Philadelphia Parking Authority.

6. Courts in this jurisdiction have held that withdrawal of reference is mandatory if the "resolution of the proceeding requires both substantial and material consideration of both Title 11 and non-code Federal Law." *Shalom Torah Centers v. Phila Indemnity Ins. Cos.*, 2011 U.S.Dist LEXIS 35726 (D. N.J. March 31, 2011) citing to *In re Anthony Tammaro, Inc.*, 56 B.R. 999 (D.N.J. 1986).

7. Mandatory withdrawal is applicable in this case because the Plaintiff's complaint contains civil rights claims which will require substantial and material consideration of non Bankruptcy Code federal statutes. *In re Nifong*, 60 Collier Bankr. Cas. 2d (MD) 55, 2008 WL 2203149 (Bankr. M.D. N.C. 2008)(alleged violations of 42 U.S.C. § 1983 are personal injury claims; eight of the 12 claims alleged in the complaint fell within this category, even though they did not involve personal trauma; entire case belonged in the district court because all claims should be tried together); *In re Hansen*, 164 B.R. 482 (D.N.J. 1994)("Pursuant to the express terms of 28 U.S.C. § 157(b)(5), bankruptcy courts do not have subject matter jurisdiction over personal injury tort causes of action and wrongful death claims).

8. In a recent case directly on point, the Chief Bankruptcy Judge for this District recommended immediate withdrawal of the reference - and this Court approved that recommendation and withdrew the reference at the pleading stage - because "the bankruptcy court has no power to preside over a jury trial in [an] adversary proceeding [where a party does not consent], making withdrawal of the reference mandatory." *In re Pressman*, 2013 WL 3989671 (Bankr. E.D. Pa. July 24, 2013).

9. Plaintiff has a Seventh Amendment right to a jury trial with respect to the alleged violations of his constitutional civil rights in contravention of 42 U.S.C. § 1983. *In re Hansen*, 164 B.R. 482, 486 (D.N.J.1994); *In re Patterson*, 150 B.R. 367, 368 (E.D.Va. 1993); *In re Boyer*, 93 B.R. 313, 315-18 (Bankr.N.D.N.Y.1988).

10. Plaintiff is entitled to a jury trial in the District Court, the reference of the Adversary Proceeding should be withdrawn from the Bankruptcy Court. *See Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990)(where bankruptcy court cannot conduct a jury trial, district court should withdraw the reference}; *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990 (reference should be withdrawn where non-debtor had right to jury trial and bankruptcy court had no authority to conduct jury trial).

11. Plaintiff requests imposition of a stay of the pending adversary proceeding to avoid irreparable harm to the infringement of Plaintiff's constitutional rights; avoid duplicative costs of litigating in Bankruptcy Court and in the District Court; and an opportunity to reassess the Plaintiff's discovery strategy in light of the new information gleaned from attorneys working at the Community Legal Services and in the Debtors Bar. Further, the Defendants would sustain minimal harm if the Complaint were stayed.

12. The public interest will be served by granting the stay as the Plaintiff will be afforded an opportunity to work with a renowned civil rights lawyer to reassess the Plaintiff's discovery strategy and conduct a meticulous and detailed examination of the the Defendants' serious defects and flaws in their bankruptcy system which will ultimately benefit the public interest once these defects and flaws are corrected.

WHEREFORE, plaintiff prays for a stay of all proceedings pending determination by the District Court of Odom's Motion for Withdrawal of the Reference.

Respectfully submitted:

DUNNE LAW OFFICES. P.C.

Dated: January 27, 2017

By: /s/ *Stephen M. Dunne*
STEPHEN M. DUNNE. ESQUIRE
Attorney for Debtor
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109  Phone
(215) 525-9721 Fax

Attorney for the Debtor