## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| Amel Odom | : | |
| Debtor. | : | Bankruptcy No. 15-19111-(ELF) |

| | | |
|---|---|---|
| Amel Odom | : | |
| Plaintiff, | : | |
| | : | Adversary Proceeding No. 16-00195-(ELF) |
| v. | : | |
| | : | Miscellaneous Matter No. 16-MC-213 |
| Philadelphia Parking Authority | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment as to liability alone against defendant. The motion addresses only certain aspects of defendant's activities as to which there is no genuine issue of material fact. Defendant's (Answer ¶6) establishes liability for violation of the automatic stay in so far as "Defendant admits that it booted the Debtor's vehicle and that it subsequently impounded the Debtor's vehicle," in violation of 11 U.S.C. § 362(a).

Defendant's Motion for Partial Summary Judgment (Doc. 42) concedes liability as it stated: "The PPA does not dispute that the automatic stay was in place ….Nor does it dispute that, as a direct result of that stay's unintentional violation, the Plaintiff suffered some limited economic damages, for which Plaintiff has provided some information."  Notice of the underlying bankruptcy was served on the Defendant on April 13, 2016 and recorded on the Court's Docket as Doc 27-1.

Plaintiff hereby relies upon the Memorandum of Law appended to this Motion, and incorporates the Memorandum of Law herein by reference.

Respectfully submitted:

DUNNE LAW OFFICES. P.C.

Dated: January 27, 2017

By: /s/ *Stephen M. Dunne*
STEPHEN M. DUNNE. ESQUIRE
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109  Phone

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| Amel Odom | : | |
| Debtor. | : | Bankruptcy No. 15-19111-(ELF) |
| | : | |
| Amel Odom | : | |
| Plaintiff, | : | |
| | : | Adversary Proceeding No. 16-00195-(ELF) |
| v. | : | |
| | : | Miscellaneous Matter No. 16-MC-213 |
| Philadelphia Parking Authority | : | |
| Defendant. | : | |

## MEMORANDUM SUPPORTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff sued defendant for violation of the Automatic Stay, pursuant to 11 U.S.C. § 362(a), for booting and subsequently impounding his vehicle. Summary judgment under Fed. R. Civ. P. Rule 56 is appropriate where the facts are undisputed and the party is entitled to judgment as a matter of law.

As appears in the Answer to the Complaint (Answer ¶6), "Defendant admits that it booted the Debtor's vehicle and that it subsequently impounded the Debtor's vehicle," in violation of 11 U.S.C. § 362(a).

Defendant was provided notice of Plaintiff's bankruptcy (Complaint ¶5) long before the alleged stay violation and served with adequate notice of the bankruptcy filing as evidenced by the Certificate of Service filed with this Court on 04/13/16 and uploaded to the Court's docket as Doc. 27-1. See Exhibit A.

Furthermore, Plaintiff's oral representations between June 10, 2016 thru June 16, 2016 to employees of the PPA that he filed bankruptcy is sufficient to place the PPA on notice and PPA's refusal to acknowledge the oral representation of the debtor is in contravention to established bankruptcy law.

Chief Bankruptcy Justice, Diane Weiss Sigmund admonished the PPA for this exact same behavior in *In re Jester,* 344 B.R. 331 (2006), pointing out that the Debtor's oral representation that she was in bankruptcy is sufficient, and "put PPA on notice that it acted at its own peril in violating the stay."[sic]. Judge Sigmund observed in Footnote # 9:

> "The notion that Debtor was required to produce a petition with the court's seal before PPA would be obligated to cease its actions is misguided. The Debtor's mere advice to PPA is constructive notice of the bankruptcy without the requirement of any proof, *Patterson v. Chrysler Financial Co.(In re Patterson),* 263 B.R. 82, 91 (Bankr.E.D.Pa. 2001), not that verification is at all difficult for the creditor since the court's entire docket is available through the PACER system at www.paeb.uscourts.gov*." In re Jester,* 344 B.R. 331 (2006).

That the PPA violated the automatic stay is a matter of well established law.

SUMMARY OF ARGUMENT

Defendant's booting and impounding of Plaintiff's motor vehicle on June 10, 2016 is in willful violation of Section 362 of Title 11 of the United States Code.

I.    DEFENDANT'S UNLAWFUL BREACH OF THE AUTOMATIC STAY

The application of the most fundamental principle of bankruptcy law leads to the inescapable conclusion that PPA's post-petition conduct in seizing and impounding the Vehicle to recover the costs of unpaid pre-petition parking fines violated the automatic stay of § 362(a). PPA's arguments to contend that there was no stay violation are simply incredible.

The Court's docket reflects that the PPA were listed in the bankruptcy schedules in Schedule E/F, Page 14/46, Section 4.7; and Schedule E/F, Page 22/46, Section 4.30. Notice was mailed by Debtor's Counsel to all Creditors, including the PPA via first class mail on April 13, 2016 and the Service List was uploaded to the Bankruptcy Court's Docket as Doc 27-1. See Exhibit A.

The PPA's subsequent booting and impoundment of the Plaintiff's motor vehicle on June 10, 2016 was in willful violation of Section 362 of Title 11 of the United States Code. Furthermore, the Plaintiff's oral representations to PPA's employees of his bankruptcy filing between June 10, 2016 thru June 16, 2016 illustrate a pattern of noncompliance by the PPA with the United States bankruptcy laws as the PPA informed the Plaintiff on each occasion that his vehicle would not be released unless he paid the outstanding parking tickets.

**Defendant's admission** of it's egregious stay violation in their recent Motion for Summary Judgment illustrates their cavalier attitude towards the United States bankruptcy laws:

> **"Though the PPA may have violated the automatic stay, there is no evidence that its actions were threatening, outrageous, or egregious. The Plaintiff's communications to the PPA from June 10 through June 16, may have been frustrating, but hardly met the level of egregious, threatening, or intimidating conduct that otherwise could weigh the facts in favor of punitive damages. Moreover, as soon as the PPA learned of the Bankruptcy, the Plaintiff's vehicle was immediately released."** See Defendant's Motion for Summary Judgment Page 10.

The commencement of process against the debtor to recover a pre-petition claim is stayed under § 362(a). The PPA's booting, towing, and impounding of the Plaintiff's motor vehicle for his failure to pay pre-petition parking tickets violated the stay under § 362(a)(3).

Section 362(k) of the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Willfulness in the context of a stay violation has been interpreted by the Third Circuit Court of Appeals to mean "an intentional or deliberate act done with knowledge that the act is in violation of the stay." *Cuffee v. Atlantic Business and Community Development Corp.* (*In re Atlantic Business and Community Development Corp.*), 901 F.2d 325, 329 (3d Cir. 1990).

> A `willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.

Id. (quoting *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989)). The uncontroverted evidence is that PPA knew of the Debtor's pending bankruptcy case as Debtor's counsel communicated notice of the filing with the PPA and the Plaintiff made multiple contacts to recover his Vehicle. PPA knew it was required to return the Vehicle in the event of bankruptcy but its representatives continued with with it's illegal debt collection in violation of the automatic stay.

II.     DEFENDANT'S LIABILITY FOR VIOLATION OF THE AUTOMATIC STAY

Defendant's unlawful debt collection caused irreparable harm to the Plaintiff in the form of emotional distress for which he sought treatment and medication, including: anxiety, difficulty sleeping, depression, and mental anguish. The Defendant's actions also affected the Plaintiff's interpersonal relations with his wife and family members causing unnecessary marital conflict; and loss of consortium. See Exhibit B -Debtor's Statement Regarding Emotional Distress Damages.

A.  ACTUAL DAMAGES

For purposes of § 362(k), "`[a]ctual damages' are amounts `awarded ... to compensate for a proven injury or loss; damages that repay actual losses.'" *In re Copeland*, 441 B.R. 352, 368 (Bankr. W.D.Wash.2010) (citing *Sternberg v. Johnston*, 668*668 595 F.3d 937, 947 (9th Cir.2010) (quotation omitted)). Actual damages are "awarded to a complainant in compensation for his actual and real loss or injury, as opposed to `nominal' damages and `punitive' damages." *In re Roche*, 361 B.R. 615, 624 (Bankr.N.D.Ga.2005) (citing *McMillian v. FDIC*, 81 F.3d 1041, 1054 (11th Cir.1996) (quotation omitted)).

Actual damages for a violation of the automatic stay "should be awarded only if there is concrete evidence supporting the award of a definite amount that can be ascertained with reasonable certainty." *In re Frankel*, 391 B.R. 266, 272 (Bankr.M.D.Pa.2008) (citations omitted). A damages award under § 362(k) "cannot be based on mere speculation, guess, or conjecture." Id.

Plaintiff suffered actual damages in the form of out-of-pocket expenses; lost time; transportation expenses; vehicles repairs; attorney's fees, and emotional distress. See Exhibit C - Debtor's Statement Regarding Actual Damages.

Notably, the Plaintiff may be liable for ALL damages to his motor vehicle caused by the negligence of the PPA as his insurer, Progressive Insurance has refused to fix his vehicle pending the outcome of this adversary proceeding. Should Progressive deny coverage, the Plaintiff's actual damages in connection with his vehicle repairs will cost approximately $1,119.08 to repair his tires and $5,173.97 to repair the body work of his 2007 Audi Q7. See Exhibit D titled Mr. Tire Auto Service Center and Exhibit E - Reading Audi Autobody Shop.

B.  EMOTIONAL DISTRESS

Defendant's unlawful debt collection caused irreparable harm to the Plaintiff in the form of emotional distress for which he sought treatment and medication, including: anxiety, difficulty sleeping, depression, and mental anguish.

Most bankruptcy courts have held that emotional distress damages may be awarded only if a causal connection is established between the creditor's actions and the emotional distress suffered. See Stinson v. Bi-Rite Restaurant Supply, Inc. (In re Stinson), 295 B.R. 109, 120 n. 8 (9th Cir. BAP 2003) quoted in In re Wingard, 382 B.R. 892, 906 (Bankr. W.D.Pa.2008).

The Defendant's actions caused irreparable harm to the Plaintiff in the form of emotional distress and also affected the Plaintiff's interpersonal relations with his wife and family members causing unnecessary marital conflict; and loss of consortium. See Exhibit B -Debtor's Statement Regarding Emotional Distress Damages.

C.  PUNITIVE DAMAGES

Punitive damages are awarded when defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. It is an appropriate response to particularly egregious conduct for both punitive and deterrent purposes. *In re Gagliardi*, 290 B.R. at 822.  Defendant has acted in "arrogant defiance" of the Bankruptcy Code and deserves to be punished accordingly for it's egregious behavior in tormenting the Plaintiff and the resulting consequences on the Plaintiff's immediate family.

Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 672*672 B.R. 188, 194 (Bankr.E.D.Tenn.1996) (cited in *In re Curtis*, 322 B.R. 470, 486 (Bankr. D.Mass.2005)).

## CONCLUSION

The defendant intentionally violated the automatic stay in contravention of 11 U.S.C. § 362(a). Summary judgment should be entered for plaintiff as to liability only.

Respectfully submitted:

DUNNE LAW OFFICES. P.C.

Dated: January 27, 2017

By: /s/ *Stephen M. Dunne*
STEPHEN M. DUNNE. ESQUIRE
Attorney for Debtor
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109  Phone
(215) 525-9721 Fax

Attorney for the Debtor